IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

ANTHONY BLAKE LOWREY,

                  Plaintiff

    VS.

LT. ELLIOTT, *et al.*,

                Defendants

NO.  3:07-CV-113 (CDL)

**PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE**

## RECOMMENDATION

Before the court is the defendants' **MOTION TO DISMISS** the above-styled case. Tab #13. After being advised of his right to respond to the defendants' motion, plaintiff ANTHONY BLAKE LOWREY, who was  incarcerated at the time he filed his complaint, filed a response that does not specifically refute the defendants' contention — that the plaintiff's claim regarding missing religious services while incarcerated is barred by the Prison Litigation Reform Act's (PLRA) limitation on recovering damages because he does not allege a physical injury.  Tab #15.

### DISCUSSION

The sole remaining claim in plaintiff Lowrey's complaint is that he was not permitted to attend religious services while he was in custody. **He does not allege any physical, mental, or emotional injury as a result of missing these services**. The defendants aver that because he did not suffer any such injury, his claim must be dismissed for failure to state a claim pursuant to the PLRA.

The PLRA provides, *inter alia*:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, ***for mental or emotional injury*** suffered while in custody without a prior showing of physical injury.  42 U.S.C. 1997e(e) (emphasis added).

In the instant case, plaintiff Lowrey has not sued for mental or emotional injury. Instead, he alleges that his rights have been abridged in violation of his First Amendment right to practice his religion. A prisoner is permitted to bring a suit pursuant to the PLRA even if he alleges only a violation of a constitutionally protected right and does not allege any actual injury. *Smith v. Allen*, 502 F.3d 1255, 1271 (11th Cir. 2007). However, recovery in such cases is limited to *nominal* damages. *See Id.* at 1271 (citing *Napier v. Preslicka*, 314 F.3d 528 (11th Cir. 2002)). In the case at bar, plaintiff Lowrey has failed to make even an *implied* claim for nominal damages. It is incumbent on a plaintiff to request nominal damages if he intends to pursue such damages. *See Oliver v. Falla*, 258 F.3d 1277 (11th Cir.2001).[1]

IT IS THEREFORE RECOMMENDED that the defendants' **MOTION TO DISMISS** be GRANTED. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned WITHIN TEN (10) DAYS after being served with a copy thereof.

SO RECOMMENDED this 5th day of DECEMBER, 2008.[2]



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] *Oliver* is an excessive force case brought under the Eighth Amendment in which the plaintiff failed to request a jury instruction on nominal damages or to object to the trial court's failure to give such an instruction. The Eleventh Circuit determined that a plaintiff must *seek* nominal damages and that failure to do so constitutes a waiver of entitlement to such damages. Although it is unclear whether the plaintiff in *Oliver* actually set forth a claim for nominal damages in his complaint, it stands to reason that if no such damages are sought in the first place, as in the case at bar, the same reasoning set forth in *Oliver* as to failure to request a jury instruction would preclude recovery of nominal damages herein.

[2] This Recommendation replaces an earlier Recommendation filed November 4, 2008 (Tab #28) which has been this day vacated.